IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

**TERRY WILLIS,**

    Petitioner,

v.

**ARTHUR LIGHTLE, Warden,**

    Respondent.

Case No. CIV 11-437-RAW-KEW

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate currently incarcerated at Jess Dunn Correctional Center in Taft, Oklahoma, is challenging the revocation of 365 earned credits that resulted from a disciplinary report for Battery at Dick Conner Correctional Center in Hominy, Oklahoma.

The record shows that petitioner was given a copy of the Offense Report on August 20, 2010, after prison staff received information that he had participated in the battery of another inmate on July 15, 2010. (Dkt. 6-2 at 1). During the investigation petitioner did not request to present witnesses or documentary evidence. (Dkt. 6-2 at 2). Petitioner refused to sign the disciplinary report or the investigator's report. (Dkt. 6-2 at 1-2).

Confidential statements were obtained and presented to the hearing officer. (Dkt. 6-2 at 6). After completion of the investigation, a hearing was held on August 23, 2010, with petitioner in attendance. (Dkt. 6-2 at 6). The hearing officer found the confidential statements and the reporting employee's statement that petitioner participated in an activity

resulting in the intentional injury of another person were sufficiently reliable, and petitioner was found guilty. *Id.* The discipline imposed was reviewed and approved on August 24, 2010. *Id.*

Petitioner appealed the determination to the Warden and DOC Director but was denied relief on November 1, 2010. (Dkt. 6-3 at 9). He next filed a petition for judicial review pursuant to Okla. Stat. tit. 57, § 564.1, in Oklahoma County District Court Case No. CV-2011-130. (Dkt. 6-5). The district court denied relief, finding petitioner "'was afforded all of the due process rights to which he is entitled under [Okla. Stat. tit. 57, § 564.1(D)],'" and "evidence existed in the record upon which the hearing officer could base a finding of guilt." *Willis v. Okla. Dep't of Corr.*, No. REC-2011-0342, slip op. at 1-2 (Okla. Crim. App. Oct. 10, 2011) (quoting *Willis v. State*, No. CV-2011-130 (Okla. County Dist. Ct. Apr. 8, 2011)) (Dkt. 6-6 at 1-2).

Petitioner appealed to the Oklahoma Court of Criminal Appeals, alleging the state district court's decision was arbitrary and an abuse of discretion. *Willis*, No. REC-2011-0342, slip op. at 1 (Dkt. 6-6 at 1). The Court of Criminal Appeals affirmed the order of the Oklahoma County District Court. *Id.* at 2.

The Supreme Court has held that constitutional due process is satisfied in a prison disciplinary proceeding if an inmate is provided the following: at least 24 hours' advance written notice of the claimed violation; unless good cause exists, an opportunity to call witnesses and to present documentary evidence in his defense; and a written statement by the factfinders giving the evidence upon which they relied and the reasons for the disciplinary action taken. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). Further, procedural due process requires only that there be "some evidence" to support disciplinary sanctions within

a correctional facility. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).

A review of the record indicates the requirements of *Wolff* were met in petitioner's case. In addition, the court is satisfied there exists some evidence in the record to support the conclusion that resulted from the disciplinary hearing.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given fourteen (14) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 23rd day of January 2015.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE